**Min XUE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73721.

Agency No. A76–861–837.

United States Court of Appeals, Ninth Circuit.

Submitted June 17, 2004.*

Decided Aug. 12, 2004.

Allan A. Samson, Esq., San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David M. McConnell, Lisa M. Arnold, Attorney, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HAWKINS, SILVERMAN, and BYBEE, Circuit Judges.

MEMORANDUM **

Min Xue, a native and citizen of China, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), we grant the petition and remand.

Xue testified that he was persecuted by the Chinese Government for his sincere belief in Christianity. Xue was expelled from school at the age of fifteen because he "talked about the story of Jesus" and encouraged students to follow him to church. A notice written on school stationary corroborates Xue's account, noting Xue's expulsion because of his promotion of "religious ideas" among his fellow classmates. Xue also testified that, in addition to his parents' numerous arrests on ac-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

count of their religious beliefs, he was arrested and beaten after he had attended church when he was seventeen or eighteen years old. The officials told his parents that he was being arrested because he was a Christian. Xue was only released after paying a fine. Despite his arrest, Xue remained enrolled at his church, often attending "in secret." The church verified that he had been enrolled there continuously since 1976.

The IJ found Xue's account of persecution not credible based on the IJ's observations regarding the substance of Xue's religious beliefs. These observations, however, appear to be based on conjecture and the IJ's subjective understanding of Christian tenets which "cannot be substituted for objective and substantial evidence." *Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000). Further, the IJ ignored Xue's explanations for the perceived discrepancies. *See Garrovillas v. INS*, 156 F.3d 1010, 1013–14 (9th Cir.1998). Because the IJ's adverse credibility finding is not supported by substantial evidence and to the contrary, Xue's account is corroborated by documentary evidence, we deem Xue's testimony credible. *See Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir.2000).

Accordingly, we remand for a determination of whether Xue's testimony qualifies him for asylum or withholding of removal. *See INS v. Ventura*, 537 U.S. 12, 17–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED; REMANDED.